FILED

2026 Jun-30  PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

**SHEILA D. ISBELL,**
 Plaintiff,

**v.**

**HALLIDAY, WATKINS,
& MANN PC, *et al.*,**
 Defendants.

**Case No. 1:25-cv-1096-CLM**

## MEMORANDUM OPINION

Pro se Plaintiff Sheila Isbell sues law firm Halliday, Watkins, & Mann, PC and Regions Bank. As best the court can tell, Isbell brought this case to stop the foreclosure of her home.

Defendants now move to dismiss (doc. 11). For the reasons below, the court **GRANTS** Defendants' motion and **DISMISSES** Isbell's claims **WITHOUT PREJUDICE**. The court further **DENIES** Isbell's motions for default judgment and a permanent injunction. (Docs. 10, 12).

## BACKGROUND

Isbell's complaint spans over 100 pages and is difficult to discern. So the court provides a brief background as best it can.

On January 18, 2006, Isbell executed a mortgage with AmSouth Bank. (*See* doc. 1-1). The mortgage encumbered Isbell's home and served as security for the repayment of a credit agreement Isbell executed on the same day. (*See id.*). AmSouth Bank later merged with Regions Bank, so Regions Bank took over the mortgage. Some time later, Isbell defaulted on her repayment. Regions started foreclosure proceedings. Isbell brought this lawsuit to stop the foreclosure.

Isbell filed her complaint on July 9, 2025. The same day, she moved for a temporary restraining order. (Doc. 2). The court denied Isbell's

motion. (Doc. 5). Isbell then moved to disqualify me from presiding over this case and renewed her motion for a temporary restraining order. (Docs. 6, 7). The court denied those motions, too. (Doc. 9).

Isbell never served Defendants. But she moved for default judgment and a permanent injunction (docs. 10, 11). Defendants appeared despite never being served and now move to dismiss. (Doc. 11).

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Because Isbell is proceeding pro se, the court must construe her complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed pro se is 'to be liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'")).

## DISCUSSION

The court has two independent bases for dismissing Isbell's claims: (1) Isbell fails to state a plausible claim for relief and (2) Isbell's complaint is an impermissible shotgun pleading. The court addresses each basis for dismissal in turn. The court then discusses Isbell's pending motions.

### A.    Failure to State a Claim

To start, Defendants are correct that Isbell fails to state a plausible claim for relief. Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Isbell's allegations are anything but short and plain. Instead, she

spends dozens of pages advancing legal theories from sovereign citizen movements and dozens more claiming that her mortgage does not exist. Below is a snapshot of Isbell's complaint to show what the court means:

> B. Furthermore, the Attorneys working for HWM, P.C., are presumably licensed members of the BAR Association, a Lawyer's Union, which is the "British Accreditation Registry (BAR)"… which makes the Attorneys Foreign Agents, who swear allegiance to that foreign Government (Great Britain/England), and their system of laws for their territories, which are Admiralty Law and Maritime Jurisdiction, and therefore, these attorneys typically practice Foreign Law, in American Courts. Admiralty Law and Maritime Jurisdiction is the Law of the Sea, that Great Britain/England uses in territories that are owned and/or controlled by them. Whereas, the Law of the Land (Common Law) [and Contracts Law, under the Common Law] is the law that was contemplated by our US Constitution, and is the Law that must be applied in legal proceedings in America, whenever a Party demands a Constitutional Court of Law and Record, and a Jury Trial… and I do!  One source stated that the American BAR Association is actually a branch of the "National Lawyers Guild Communist Party", which is antithetical to the freedoms, rights, protections, and privileges guaranteed to all Americans, under the original, organic United States Constitution, 1789, a fact which can be located and ascertained in the hard copy printing of 28 USC 3002, subsection 15a. Take note, however, that the on-

(Doc. 1, p. 14). Here is another:

3

> II. Isbell does NOT waive her right to fully litigate the matter of the Congressional REMEDY for Discharge of Debt, and the basis for claiming that the source of funds for the alleged "Loan" came entirely from the Cestui Que Vie Trust, with Sheila D Isbell as the named Beneficiary, and ZERO dollars or cents came from AmSouth Bank or Regions Bank; therefore, there was never a real "Loan" and no real "Debt", and no basis in law or fact for the Bank having a Security Interest/Mortgage on Isbell's real and personal property , pursuant to the legal authority regarding the same, should this case proceed to a full Jury Trial on the merits. I reserve the right to fully

(*Id.*, p. 33). And here is one more:

> 3. A Sovereign American is NOT, per se, against the Government, the Courts, or the Rule of Law, which are, or should be, governed by the US Constitution, and the Law of the Land (Common Law), which is God's Law. There should not be any conflicts between God's Law, and man-made law, because mere man cannot improve upon what God has ordained. Sovereignty is the inherent right and prerogative of a civilized people to rule itself, and to dictate all of the forms and conditions of the institutions it sets up to carry out this rule. The US Supreme Court agrees, when it held in Bond v United States, 529 US 334 (2000), that the American people are in fact Sovereign, and not the States or the Federal Government. The Supreme Court reiterated the same principles in Bond v U.S., 131 S.Ct. 2355 (2011). Sovereign Americans have a right, under the First

(*Id.* at p. 49). To be sure, Isbell references numerous federal statues throughout her complaint, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. So it's safe to assume that Isbell believes Defendants may have violated federal law in some way. But as Defendants note in their motion to dismiss, Isbell's "[c]omplaint is nothing more than a laundry list of accusations couched as viable claims with no discernable factual basis." (Doc. 11, p. 6).

4

Because Isbell fails to state a plausible claim for relief, the court **GRANTS** Defendants' motion to dismiss under Rule 12.

## B.      Shotgun Pleading

Defendants do not ask the court to dismiss Isbell's complaint on shotgun pleading grounds. But the Eleventh Circuit has instructed district courts to dismiss shotgun pleadings "even if the parties do not request it[.]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). So that's what this court will do.

The Eleventh Circuit has identified four categories of shotgun pleadings:

> (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint";
> (2) "a complaint that … [is] replete with conclusory, vague, and immaterial facts not obviously connected to         any particular cause of action";
> (3) a complaint that fails to "separate[e] into a different count each cause of action or claim for relief"; and
> (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. A dismissal under Rules 8(a)(2) and 10(b) is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for

relief." *Id.* at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added)).

The court finds that Isbell's complaint falls into categories (2)-(4) of the Eleventh Circuit's prohibited shotgun pleadings.

1. *Different Counts for Each Cause of Action*: For starters, Isbell's complaint fails to separate "into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322-23. Indeed, Isbell generally fails to identify or separate her claims in any way. "[I]n striking a complaint on shotgun pleadings grounds and affording the plaintiff with another opportunity to file a complaint that passes muster, the District Court should point out the defects in the complaint." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). In Isbell's amended complaint, she should list each cause of action separately (*e.g.*, Count One: Violation of the Fair Debt Collection Practices Act, Count Two: Fraud, and so on). Isbell should then list each fact that supports each cause of action. To satisfy Federal Rules of Civil Procedure 8 and 10, Isbell must plead each claim so that it's plainly identifiable.

2. *Conclusory, Vague, and Immaterial Facts*: Isbell's complaint also falls into category three of prohibited shotgun pleadings because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, 792 F.3d at 1322-23. As discussed above, Isbell dedicates dozens of pages in her complaint advancing theories and immaterial facts that have nothing to do with her legal claims. Isbell should remove these allegations in her amended complaint.

3. *Multiple Defendants*: Isbell also fails to assign claims to each Defendant. Isbell sues two entities: Halliday, Watkins, & Mann, PC and Regions Bank. But Isbell never explains what she's suing each Defendant for. Isbell must plead with enough specificity to put Defendants on notice of the exact claims against them.

Isbell's complaint exemplifies a shotgun pleading. So the court **DISMISSES** Isbell's complaint under Rules 8 and 10. The court gives Isbell one chance to file an amended complaint that corrects the deficiencies identified above. Should Isbell choose to replead, her amended complaint is due on or before **July 10, 2026**.

## C.    Isbell's Pending Motions

Isbell also moves for default judgment and for a permanent injunction to stop the foreclosure of her home. (*See* docs. 10, 12). Despite never being served, Defendants appeared and have defended against Isbell's claims. So Isbell is not entitled to default judgment. *See* Fed. R. Civ. P. 55(a). Isbell is also not entitled to a permanent injunction because, among other reasons, she has not "prevailed in establishing the violation of [her rights] as asserted in [her] complaint." *See Alabama v. U.S. Army Corps. of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005). As a result, the court **DENIES** Isbell's motions for default judgment and a permanent injunction. (Docs. 10, 12).

### CONCLUSION

For the reasons above, the court **GRANTS** Defendants' motion to dismiss (doc. 11) and **DISMISSES** Isbell's complaint **WITHOUT PREJUDICE**. The court further **DENIES** Isbell's motions for default judgment and a permanent injunction. (Docs. 10, 12). The court will give Isbell one chance to replead her claims in a way that complies with Federal Rules of Civil Procedure 8 and 10. Should Isbell choose to replead, her amended complaint is due on or before **July 10, 2026**. The court will enter a separate order carrying out this ruling. The court **DIRECTS** the Clerk of Court to send a copy of this order to Isbell at her address of record.

**DONE** and **ORDERED** on June 30, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

7